# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

SHEILA B. CARTER, Individually
and as Executrix of the Estate
of JAMES R. CARTER, Decedent,

    Plaintiff,

v.

3M f/k/a MINNESOTA MINING &
MANUFACTURING COMPANY; WARREN
PUMPS, INC.; *et al.*

    Defendants.

CV 2:18-100

## ORDER

Before the Court is Warren Pumps, Inc.'s ("Warren") Motion for Summary Judgment. Dkt. No. 127. The Motion is unopposed. Because the time for response has long passed, the Motion is ripe for review. For the reasons provided below, the Motion is **GRANTED**.

## BACKGROUND

Under Southern District of Georgia Local Rule 56.1, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." Plaintiff has not responded to Warren's Statements of Undisputed Facts, dkt. no. 127-2. Thus, pursuant to Local Rule 56.1, these facts are deemed admitted for the purpose of Warren's Motion for Summary Judgment.

This case is an action to recover for personal injury suffered by the Deceased, James R. Carter. Dkt. No. 127-2 ¶ 1. Plaintiff alleges that the Deceased contracted lung cancer and died from said cancer because of his exposure to asbestos dust, fibers, and particles. Id. ¶ 2. Plaintiff alleges that the Deceased was exposed to numerous asbestos-containing products during his long career (from 1968 to 2010) at the ITT Rayonier Plant in Jesup, Georgia. Id. ¶ 4. The Deceased passed away prior to the commencement of this action, but his co-worker, Larry Madray, was deposed as part of discovery in this action. See Dkt. No. 128-1. While Madray testified that pumps manufactured by Warren were near where he and the Deceased worked as caustic helpers at the ITT Rayonier Plant, Madray testified that he did not have any specific recollections of the Deceased "being near pumps while they were being fixed or replaced by maintenance." Dkt. No. 127-2 ¶ 18 (quoting Dkt. No. 128-1 at 126). Further, Madray could not say whether the Deceased ever worked on Warren pumps at the ITT Rayonier Plant. Dkt. No. 128-1 at 71. Finally, Madray never testified that Warren pumps contained asbestos, whether in the form of dust, fibers, or particles.

Due to the Deceased's alleged exposure to and death from asbestos dust, fibers, and particles from Warren pumps, Plaintiff has alleged claims against Warren for negligence and strict liability. See Dkt. No. 80.

AO 72A
(Rev. 8/82)

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in two ways. First, the nonmovant "may show that the record in fact contains supporting

AO 72A
(Rev. 8/82)

evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden instead with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

Plaintiff has set forth in her Amended Complaint, dkt. no. 80, Georgia state law claims against Warren for negligence and strict liability (and a derivative claim for spousal loss of society and consortium). Under this record, Plaintiff's claims fail as a matter of law pursuant to the Georgia Court of Appeals decision in Williams v. Flintkote Co., 568 S.E.2d 106 (Ga. Ct. App. 2002). In that case, one of the defendants moved for summary judgment on the plaintiffs' claims of negligence and strict liability that were based in allegations that the plaintiffs "suffered injury from exposure to asbestos-containing products

4

AO 72A
(Rev. 8/82)

sold or distributed by the defendants." Id. at 106. The court recognized that "[t]o avoid summary judgment, the [plaintiffs] needed to present evidence that [the defendant's] asbestos-containing product was used at the Muscogee and/or Opelika plants," which is where one of the plaintiffs worked. Id. at 107. In Williams, the plaintiffs provided no evidence that the defendant's products "contained asbestos"; "in fact, neither [plaintiff] had heard of [the defendant]." Id.

Here, likewise, Warren has shown that the record does not contain evidence that its products at the ITT Rayonier Plant in Jesup contained asbestos. Warren has shown that based on this record there is an absence of a genuine issue of material fact as to whether it manufactured asbestos-containing products to which the Deceased was exposed. Because Warren has met its burden on this issue, the burden shifts to the nonmovant, Plaintiff, to show evidence creating a genuine dispute on this material fact. Plaintiff, however, has not responded to Warren's Motion for Summary Judgment. Accordingly, Plaintiff has not met her burden at this stage.

## CONCLUSION

For the reasons provided above, Defendant Warren Pump, Inc.'s Motion for Summary Judgment, dkt. no. 127, is **GRANTED**. Warren Pump, Inc. is hereby **DISMISSED** from this action.

AO 72A
(Rev. 8/82)

**SO ORDERED,** this 29th day of August, 2019.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)